UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAKAI SCOTT,

                Petitioner,

  v.

                                      9:17-CV-1130
                                      (BKS)

MICHAEL CAPRA,

                Respondent.

---

APPEARANCES:                                              OF COUNSEL:

SAKAI SCOTT
12-A-1474
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On or about October 12, 2017, petitioner Sakai Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition. On October 23, 2017, petitioner was directed to file an amended petition because his petition did not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Dkt. No. 3, Decision and Order, at 3-4, 6. As the Court explained, it was unclear what grounds for relief petitioner intended to assert in his petition, and the petition contained little factual detail regarding those grounds. *Id.* at 4. On November 6, 2017, the Court received petitioner's amended petition. Dkt. No. 4, Amended Petition ("Am. Pet."). Petitioner

has also (1) requested that the Court provide him a form application to proceed in forma pauperis ("IFP"), and (2) moved to stay this action. *Id.*; Dkt. No. 4-1, Letter.

## II.   REQUEST FOR IFP APPLICATION FORM

Petitioner is advised that, because he paid the statutory filing fee, any IFP application in this action would be moot. As a result, petitioner need not complete an IFP application at this time.

## III.   THE AMENDED PETITION

In the amended petition, petitioner asserts that, in his original petition, he "reasserted the claims raised on direct appeal" and requested a stay "premised on [an] unexhausted claim now pending in the New York Court of Appeals." Am. Pet. at ¶ 2.[1]  Petitioner sets forth the arguments raised on direct appeal, and asserts that the "Question Presented" in this action is "[w]hether the Appellate Division erred in denying relief on each . . . separate ground raised above, [or] alternatively, whether the Appellate Division . . . finding [*sic*] [p]etitioner received effective assistance of counsel was objectively unreasonable." *Id.* at ¶¶ 8, 9(A).

On June 18, 2015, the New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction, and, on December 7, 2015, the New York Court of Appeals denied leave to appeal. *People v. Scott*, 129 A.D.3d 1306 (3d Dep't 2015), *lv. denied* 26 N.Y.3d 1092 (2015). With respect to collateral motions filed in state court, petitioner asserts that, on December 15, 2016, he filed a motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Am. Pet. at ¶

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

10. In that motion, petitioner "argu[ed,] inter alia," that (1) the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose his codefendant's grand jury and trial testimony regarding one of the drug sales at issue, and (2) trial counsel rendered ineffective assistance by "not using *Brady* material to cross-examine the prosecutor's witnesses," failing to argue that there were "gaps in the chain of custody," and failing to argue that the "integrity of the evidence" was "compromised." *Id.* at ¶ 10.

Petitioner states that, on May 22, 2017, the "lower court affirmed the judgment of conviction on procedural grounds." *Id.* at ¶ 11. On or about June 22, 2017, petitioner sought leave to appeal from that denial, and also argued in the "alternative" that he was entitled to "coram nobis relief on the ground of ineffective assistance of appellate counsel." *Id.* at ¶ 11.[2] On September 14, 2017, the New York State Supreme Court, Appellate Division, Third Department, "denied leave to appeal." *Id.* at ¶ 12.

On October 11, 2017, petitioner "sought leave to appeal [the] denial [of a] writ of error coram nobis," and that application is "currently pending before the Court of Appeals[.]" *Id.*; *accord, id.* at 9, Letter to Petitioner from the New York Court of Appeals, dated Oct. 20, 2017 (explaining that petitioner's "application for leave to appeal to this Court has been assigned to" a judge for review). In a subsequent paragraph of the amended petition, petitioner states that the "Question Presented" is "[w]hether the Appellate Division erred on its procedural ruling denying 440," and that he "raised substantially the same issue . . . in the unexhausted writ of error coram nobis[.]" *Id.* at ¶ 13. Finally, petitioner argues that, because his claim is still pending before the Court of Appeals, the Court should stay this proceeding. *Id.*

---

[2] With his amended petition, petitioner also filed his counseled notice of motion for leave to appeal from the denial of his CPL § 440.10 motion. Dkt. No. 4 at 11-12.

3

Based on petitioner's assertions, the Court liberally construes the amended petition to advance, as grounds for habeas relief, each of the arguments raised by petitioner on his direct appeal, CPL § 440.10 motion, and application for a writ of error coram nobis.

## IV. MOTION TO STAY

As part of his original petition, petitioner requested that the Court stay this proceeding and hold his petition in abeyance pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Dkt. No. 1 at 1-2. In its Decision and Order, the Court denied petitioner's request because petitioner had not clearly stated his grounds for habeas relief or the procedural history of his state court proceedings, and the Court was thus unable to determine whether a stay was appropriate. Dkt. No. 3 at 4-5. In his amended petition, petitioner again requests a stay of this action, so that he may exhaust his ineffective assistance of appellate counsel claim, which, he states, is pending before the Court of Appeals. Am. Pet. at ¶¶ 2, 12, 13.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 275, 277.

Here, the amended petition, coupled with the letter to petitioner from the Court of Appeals, support petitioner's assertion that he is in the process of exhausting his ineffective assistance of appellate counsel claim, and that his leave application is pending before the Court of Appeals. Am. Pet. at ¶ 12; *id.* at 9. Additionally, as directed by the Court, petitioner

4

has somewhat more clearly elaborated the arguments he has advanced on direct appeal and in his state court motions, identified the claim that remains unexhausted, and indicated his intention to raise the same arguments in support of habeas petition in this action. At this stage of the proceedings, the Court cannot conclude that petitioner's unexhausted claim is plainly meritless, or that petitioner has engaged in intentionally dilatory tactics. *Rhines*, 544 U.S. at 277-78. Accordingly, under the circumstances of this case, petitioner's motion to stay this proceeding is granted.

Federal courts should not, however, be turned into a "jurisdictional parking lot" for unexhausted claims. *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted). Petitioner must advise the Court in writing every thirty (30) days of the status of the pending state court proceeding, including the date upon which any decision is reached. Within thirty (30) days of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay (Dkt. No. 4) is **GRANTED.** Petitioner must advise the Court in writing, **every thirty (30) days**, beginning thirty (30) days from the date of this Decision and Order, on the status of the pending state court application, including the date upon which any decision is reached; and it is further

**ORDERED** that within thirty (30) days of the date upon which the final state court

5

capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is further

**ORDERED** that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is further

**ORDERED** that no response to the amended petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: November 27, 2017

Brenda K. Sannes
U.S. District Judge