UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAKAI SCOTT,

                  Petitioner,

    v.                                                  9:17-CV-1130
                                                                  (BKS)

MICHAEL CAPRA,

                  Respondent.

---

APPEARANCES:                                            OF COUNSEL:

SAKAI SCOTT
12-A-1474
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

On November 6, 2017, petitioner Sakai Scott filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a request to stay this action. Dkt. No. 4. On November 28, 2017, the Court liberally construed the amended petition as raising, as grounds for habeas relief, the arguments that petitioner advanced on his direct appeal, his motion to vacate his judgment of conviction, and his application for a writ of error coram nobis. Dkt. No. 5 at 3-4, Decision and Order, filed Nov. 28, 2017. The Court also granted petitioner's request to stay this action while he completed exhausting his ineffective assistance of appellate counsel claim(s), because his application for leave to appeal the

denial of his error coram nobis motion remained pending before the New York Court of Appeals. *Id.* at 4-5.

Currently pending before the Court are two filings from petitioner: (1) a notice of motion indicating that petitioner seeks leave to file an amended petition, and a document captioned "Amended Petition" (Dkt. Nos. 7, 7-1); and (2) a document captioned "Notice of Motion to Stay Petition" with a supporting declaration (Dkt. No. 8). The Court will address these filings in turn.

## II.   DISCUSSION

### A.   "Amended Petition"

Petitioner's "Amended Petition," which is in the form of a declaration with numbered paragraphs, is somewhat difficult to decipher. Petitioner asserts that the New York Court of Appeals has denied leave to appeal from the New York State Supreme Court, Appellate Division, Third Department's order which denied his motion for a writ of error coram nobis. Dkt. No. 7-1 at 1 ¶ 3; *id.* at 7, Order Denying Leave, dated Dec. 21, 2017.[1] As a result, petitioner "reassert[s] the claims held in abeyance have been fully resolved and move[s] to amend the unexhausted claim attached hereto as Exhibit A." *Id.* at 1 ¶ 2.[2]

Additionally, petitioner asserts that the state court's denial of his "CPL 440.10" was objectively unreasonable because the prosecution failed to turn over *Brady* material during his trial. *Id.* at 2-4, ¶¶ 4-10. It is not clear from petitioner's filing whether his arguments bear any relation to the claims he advanced in support of his state court motion for a writ of error

---

[1] Page citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] "Exhibit A" is the Court of Appeals' Order Denying Leave.

2

coram nobis.  However, petitioner requests permission to "amend the petition, reach the merits of the claim in the original petition and those unexhausted claims fully articulated in permission to stay [*sic*], and further relief this Court deem[s] just and proper."  *Id.* at 5.

Petitioner has now advised the Court that the New York Court of Appeals has adjudicated his pending application for leave to appeal and his claims "have been fully resolved[.]"  Dkt. No. 7-1 at 1 ¶ 2.  Accordingly, the stay in the present action is immediately lifted and the action is returned to the Court's active docket.  Respondent must file an answer to the amended petition.  Dkt. No. 4.

To the extent that petitioner intends to move to again amend his petition, his motion is denied.  As an initial matter (and as noted above), the Court liberally construed petitioner's amended petition as asserting the claim(s) that he advanced in his error coram nobis motion.  Dkt. No. 5 at 3-4.  Further amendment of the petition to add that claim is therefore unnecessary.  Moreover, to the extent that petitioner may be understood to seek permission to add a claim that he is entitled to habeas relief because the prosecution withheld exculpatory evidence (or to include further argument in support of such a claim), his filing does not comply with Local Rule 7.1 of the Court's Local Rules of Practice because it is plainly not a complete proposed amended petition that contains both the claims raised in his pending amended petition and any new claim that he wants to add.[3]  *See* N.D.N.Y. L.R. 7.1(a)(4) ("A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete

---

[3] In his amended petition, petitioner asserted, as he had argued in his motion to vacate his judgment of conviction, that the prosecution withheld *Brady* material.  Dkt. No. 4 at 3 ¶ 10, Amended Petition.

pleading, which will supercede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."). Petitioner also has not addressed whether any new claim is timely and, if not, whether it "relates back" to his original petition as required by Rule 15(c) of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

### B. "Notice of Motion to Stay Petition"

In his "Notice of Motion to Stay Petition," petitioner appears to request that this case again be stayed and held in abeyance so that he may pursue, in state court, claims that his right to be free from double jeopardy was violated and that appellate counsel rendered ineffective assistance. Dkt. No. 8 at 3-4 ¶¶ 1-2 (citing *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 354 (2016) and *Currier v. Virginia*, 138 S. Ct. 355 (2017)). According to petitioner, the "194-count indictment" by which he and his coconspirators were charged was "reduced to three separate drug sales," which "had a preclusion effect under Double Jeopardy jurisprudence[.]" *Id.* at 2 ¶ 4. Petitioner appears to argue that appellate counsel was ineffective because he failed to raise this issue on direct appeal, arguing instead that the evidence was legally insufficient to support the verdict. *Id.* at 6 ¶ 7. Because "the jury decided all evidentiary conflicts in [his] favor," petitioner reasons, counsel's argument concerning the insufficiency of the evidence had the effect of "undoing a jury's verdict" and "factual finding." *Id.* at 5-6 ¶ 7 (citing, *inter alia*, CPL § 470.15(1)).[4] Finally, petitioner argues that New York State law permits the filing of successive error coram nobis motions. *Id.* at 6-7

---

[4] "Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings *which may have adversely affected the appellant.*" CPL § 470.15(1) (emphasis added).

¶ 8.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 275, 277.

In this case, petitioner's proposed claims are not contained in the amended petition. Dkt. No. 4. More specifically, petitioner raised in his amended petition those grounds that were already presented to, or were then pending before, the state courts on direct appeal and by way of his motions collaterally attacking the judgment. Dkt. No. 4. Petitioner's proposed claims, which he now seeks to present in state court for the first time, were therefore not among the grounds for habeas relief in his amended petition. As a result, his petition is not "mixed" within the meaning of *Rhines*, and a stay is not appropriate. *See, e.g., West v. Sheahan*, No. 7:12-CV-8270, 2014 WL 5088101, at *4 (S.D.N.Y. Sept. 18, 2014) (concluding that the pending habeas petition was not "amenable to a stay" under *Rhines* because it was "not one of the mixed variety"); *accord, Hall v. Woods*, No. 7:07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under *Rhines*."); *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17, 2008); *Hall v. Conway*, No. 6:04-CV-6011, 2008 WL 2559371, at *1 (W.D.N.Y. June 23, 2008).

Petitioner also has not demonstrated good cause for failing to raise his proposed claims sooner. *Rhines*, 544 U.S. at 277-78. He does not assert that he has yet filed a second motion for a writ of error coram nobis or motion to vacate in state court, and, therefore, the exhaustion process has not yet begun. Petitioner also has not offered any reason why he did not include the claims referenced in his motion to stay in his earlier state court motions.[5]

Finally, petitioner has not established that his proposed claims are not plainly meritless. *Rhines*, 544 U.S. at 275, 277. Indeed, petitioner appears to argue that his conviction on three counts of criminal sale of a controlled substance constituted double jeopardy in light of his acquittal of enterprise corruption and second degree conspiracy. Dkt. No. 8 at 4-6 ¶¶ 3-7. However, it is not clear why the jury's verdict of not guilty on the latter counts would preclude his convictions on the criminal sale counts, why appellate counsel was ineffective for advancing a legal sufficiency argument with regard to petitioner's convictions, or how the cases cited by petitioner support his arguments.[6]

---

[5] Even if *Bravo-Fernandez* applied to petitioner's claims and stood for the points of law for which he cites it, the Supreme Court issued its in opinion in that case on November 29, 2016, nearly eleven months before petitioner filed his original petition in this case. Dkt. No. 1.

[6] In *Bravo-Fernandez*, the Supreme Court held that issue preclusion does not apply when a jury returns "irreconcilably inconsistent verdicts of conviction and acquittal," and the guilty verdicts are later vacated on appeal due to reversible error unrelated to the inconsistency itself. *Bravo-Fernandez*, 137 S. Ct. at 357. As a result, the Supreme Court held, the acquittals do not render a retrial on the vacated convictions violative of double jeopardy principles. *Id.* at 357, 362-63. In *Currier*, the Supreme Court granted certiorari on the question of "[w]hether a defendant who consents to severance of multiple charges into sequential trials loses his right under the Double Jeopardy Clause to the issue-preclusive effect of an acquittal." *Currier*, No. 16-1348, 2017 WL 1857370, at *i, Petition for a Writ of Certiorari. The Supreme Court has not yet heard oral argument in *Currier*, much less issued an opinion. In this case, petitioner was convicted of the criminal sale charges and acquitted of the enterprise corruption and conspiracy charges in the same trial, which was separate from his codefendants, and the judgment was affirmed in its entirety. *Scott*, 129 A.D.3d at 1307. In short, the cases cited by petitioner appear to have no bearing upon his prosecution and conviction.

Accordingly, petitioner's motion to again stay this action is denied.[7]

In sum, based on petitioner's report that the New York Court of Appeals has denied his application for leave to appeal from the denial of his error coram nobis motion, the stay in this case is immediately lifted. To the extent petitioner requests to again amend his petition and stay this action so that he may pursue further claims in state court, those requests are denied.

### III. CONCLUSION

**WHEREFORE,** it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules; and it is further

**ORDERED** that the stay in this action is immediately lifted and this action is returned to the Court's active docket; and it is further

**ORDERED** that petitioner's motion to amend the amended petition (Dkt. Nos. 7, 7-1) is **DENIED**; and it is further

**ORDERED** that petitioner's motion to stay this action (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order, the amended petition (Dkt. No. 4), and the Court's November 28, 2017, Decision and Order (Dkt. No. 5) upon respondent and the Attorney General of the State of New York in accordance with Local Rule 72.4(e); and it is further

**ORDERED** that respondent shall file and serve an answer to the amended petition,

---

[7] This Decision and Order does not preclude petitioner from pursuing review of his unexhausted claims in the state courts, and it is not intended to discourage him from doing so.

and provide the Court with the relevant records,[8] within ninety (90) days of the date of this Decision and Order; and it is further

**ORDERED** that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by respondent in his answer and memorandum of law in opposition to the amended petition. The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his amended petition. If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel. The Court will strike any filing that does not include a proper certificate of service. Petitioner must comply with any requests by the Clerk's Office

---

[8] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4. Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1(a)(1).

for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address. His failure to do so may result in the dismissal of this action.

All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require. All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: January 30, 2018
       Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge